**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CAMETRIA GRIFFIN,**

      **Plaintiff,**

**v.**                          **CASE NO.:**

**OPIS MANAGEMENT RESOURCES, LLC,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CAMETRIA GRIFFIN, by and through undersigned counsel, brings this action against Defendant, OPIS MANAGEMENT RESOURCES, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

1.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

2.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

3.     Plaintiff is a resident of Hillsborough County, Florida, and she worked in Hillsborough County for Defendant.

4.      Defendant operates a limited liability company in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5.      This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6.      At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7.      Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8.      Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9.      Plaintiff has satisfied all conditions precedent, or they have been waived.

10.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

12.     Plaintiff began working for Defendant on or around June 2017.

13.     On or around May 2019, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

14.     That same month, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

15.     On or around June 2019, Plaintiff was approved for FMLA intermittently to care for herself.

16.     In August 2019, Plaintiff began to suffer retaliation for using her FMLA intermittently. Specifically the human resources manager, Kristy (last name unknown) was upset with Plaintiff for taking FML days and stated "just because you have FMLA does not mean you can do whatever you want."

17.     Plaintiff reported this comment to her supervisor Louise Groves who then reported it up to the Vice President of human resources, Bill Price. No remedial action was taken.

18.     Instead, on or around December 2019, Plaintiff was written up for performance. Plaintiff's job goals were never modified or reduced due to her FMLA.

19.     Instead, Plaintiff was forced to come into the office on weekends to keep up with her job-duties.

20.     Plaintiff regularly went into work on the weekends to maintain her productivity.

21.     On or about January 23, 2020, Plaintiff's employment was terminated for applying for and using FMLA days that should have been protected by the FMLA.

22.     Plaintiff exercised her rights under the FMLA by seeking medical leave.

23.     By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

24.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as fully set forth herein.

25.     Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

26.     By terminating Plaintiff's employment for seeking medical leave, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

27.     Defendant's actions were willful and done with malice.

28.     Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for

the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)   Front pay;

(f)   Liquidated Damages;

(g)   Prejudgment interest on all monetary recovery obtained;

(h)   All costs and attorney's fees incurred in prosecuting these claims; and

(i)   For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

29.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 23 of this Complaint, as fully set forth herein.

30.   Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

31.   Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

32.   Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

33.   Defendant's actions were willful and done with malice.

34.   Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a)     That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant ;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of May, 2020.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: (813) 224-0431
Direct No.: (813) 379-2565
Facsimile No.: (813) 229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**